SUE ELLEN H. GANT, ET AL.

V.

HELEN T. GANT, ET AL.

Record No. 870764

April 21, 1989

Present: All the Justices

*George Wm. Warren, IV*, for appellants.

*Harvey Latney, Jr. (Harrison Bruce, Jr.,* on brief), for appellees.

RUSSELL, J., delivered the opinion of the Court.

In this appeal, we consider the effect of a deed purporting to convey an estate by the entirety, with words of survivorship, to parties who are not married.

## I. FACTS

Junius W. Gant married Helen T. Gant in 1943. A daughter, Claudine C. Robinson, was born of the marriage. Junius and Helen Gant were divorced by a final decree in 1948.

In 1950, Junius and Helen contemplated reconciliation and re-marriage. Intending to provide for Claudine, their daughter, they purchased a house and lot on Bainbridge Street, in Richmond. The deed, dated and recorded in August 1950, purports to convey the property to "Junius W. Gant and Helen T. Gant, his wife . . . to be held and owned by them . . . as tenants by the entireties with the right of survivorship as at common law . . . ."

Helen Gant testified that the sellers' attorney prepared the deed and that she and Junius went to that attorney's office for settlement, unrepresented by counsel of their own. She said that there was no discussion of the nature of the tenancy at or prior to settlement, but that both she and her former husband understood that in the event of the death of either, the property would pass to the survivor. The attorney seems to have assumed that they were husband and wife.

After settlement, Junius and Helen moved into the property and lived together for a time, but never remarried. Junius later moved out and, in 1962, married Sue Ellen H. Gant. A daughter, Juliet Cynthia Gant, was born of that union. Junius never divorced Sue Ellen, but later developed a relationship with a third woman, who bore him a third daughter whose paternity is undisputed. Junius died intestate as a result of an industrial accident in 1980, survived by his ex-wife, Helen; his widow, Sue Ellen; and his three daughters.

Helen has been in exclusive possession and control of the property since 1980. In 1981, she conveyed it to herself and her daughter, Claudine, as joint tenants with the right of survivorship.

## II. PROCEEDINGS

In 1985, Sue Ellen and Juliet, her daughter, filed a bill of complaint for partition, asking that the property be sold and the proceeds divided among the five survivors according to their respective interests. The court referred the case to a commissioner in chancery, who reported that upon the death of Junius, all the property which was the subject of the suit had passed to Helen by survivorship, and that Sue Ellen, Juliet, and the illegitimate child had no interest in the property. The chancellor confirmed the commissioner's report and dismissed the suit. We granted an appeal to Sue Ellen and Juliet.

## III. EFFECT OF DIVORCE

The appeal is based upon the theory that Code § 20-111* operates to extinguish all contingent rights of survivorship of either spouse in jointly held property at the time of entry of a final decree of divorce, and that this extinguishing effect extends, by the words of the statute, to property "thereafter acquired" as well as to property owned on the date of divorce. We do not agree.

Code § 20-111 takes effect upon the entry of a decree of divorce and affects interests in property owned by the parties at

---

* Code § 20-111: Upon the entry of a decree of divorce from the bond of matrimony, all contingent rights of either consort in the real and personal property of the other then existing, or *thereafter acquired*, including the right of survivorship in real or personal property title to which is vested in the parties as joint tenants or as tenants by the entirety, with survivorship as at common law, shall be extinguished, and such estate by the entirety shall thereupon be converted into a tenancy in common. (Emphasis added.)

that time. It has no effect upon property acquired subsequent to final divorce. The theory advanced by Sue Ellen and Juliet, pursued to its logical conclusion, would preclude parties whose marriage had ended in divorce from ever thereafter acquiring property together as joint tenants with the right of survivorship, although they might so hold with others. We do not attribute such an intention to the General Assembly.

The General Assembly abolished survivorship between joint tenants in 1787, but this Court held that legislation inapplicable to tenancies by the entirety. Later, survivorship was also abolished as to tenancies by the entirety, but subsequent legislation, effective in 1888, provided that the right of survivorship would be retained between joint tenants as well as tenants by the entirety where the deed or will manifests an intent that it shall continue. *Allen* v. *Parkey*, 154 Va. 739, 745, 149 S.E. 615, 618 (1929).

The applicable statutes now provide:

Code § 55-20. When any joint tenant shall die, before or after the vesting of the estate, whether the estate be real or personal, or whether partition could have been compelled or not, his part shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts, curtesy, dower, or distribution, as if he had been a tenant in common. And if hereafter any estate, real or personal, be conveyed or devised to a husband and his wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance.

Code § 55-21. Section 55-20 shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others. Neither shall it affect the mode of proceeding on any joint judgment or decree in favor of or on any contract with two or more one of whom dies.

■ Tenancies by the entirety are based upon five unities: those of title, estate, time, possession, and persons. The unity of persons relates to marriage and embodies the common-law fiction that husband and wife are one. A tenancy which lacks the fifth

unity but is based upon the other four is a joint tenancy, for which the first four unities are also prerequisite. *See Jones* v. *Conwell*, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984); 2 Minor on Real Property §§ 839, 853 (F. Ribble 2d ed. 1928).

■ Parties formerly married to each other, but thereafter divorced, are as free to hold property jointly under the exception contained in Code § 55-21 as are any other parties. Although they lack one of the essential unities prerequisite to the creation of a tenancy by the entirety, they may become joint tenants, and if the instrument creating the estate manifests the requisite intention, the joint tenancy will be clothed with the common-law right of survivorship, unaffected by Code § 55-20.

## IV. REPUGNANT PROVISIONS

In an alternative argument, Sue Ellen and Juliet contend that the deed attempted to create an impossible tenancy by the entirety between parties who were not married to each other, but that it should be construed as creating a tenancy in common to avoid rendering it a "nullity." If it is so construed, they say, the words of survivorship should be disregarded as repugnant to the grant of a tenancy in common, citing *Camp* v. *Camp*, 220 Va. 595, 260 S.E.2d 243 (1979).

*Camp* is inapposite. There, we were confronted with a deed which purported to convey land to a mother and son "as tenants in common with the right of survivorship as at common law." 220 Va. at 569-70, 260 S.E.2d at 244. Applying rules of construction, we held that as between two mutually repugnant clauses, that which first appears in the instrument prevails over that which appears thereafter. *Id.* at 598, 260 S.E.2d at 245. Thus, in *Camp*, the granting clause, creating a tenancy in common, prevailed over the words of survivorship; therefore, the latter were disregarded.

■ In contrast to the situation presented in *Camp*, the clauses in the Gant deed are not mutually repugnant and require no resort to rules of construction. The deed purported to create a tenancy by the entirety, which is consistent with the right of survivorship expressly retained. Because the grantees were not married, the essential unity of persons was lacking. The result was the creation of a joint tenancy, with which the express retention of the right of survivorship is also consistent.

Thus, the chancellor correctly held that the entire estate passed by survivorship to Helen upon the death of Junius. The decree appealed from will be

*Affirmed.*