## CIRCUIT COURT OF WESTMORELAND COUNTY

Raymond Baylor, Jr., et al.

v.

Floria Lynch

August 1, 1990

By JUDGE JOSEPH E. SPRUILL, JR.

Raymond Baylor married Rosena Baylor in 1931, and from this union three children were born. In 1954 Raymond separated from Rosena and established a relationship with Floria Lynch. In 1962 Raymond acquired from his father twenty-two acres of land in Westmoreland County. In 1972, Raymond and Floria undertook to convey to themselves as husband and wife as tenants by the entirety with the common law right of survivorship the twenty-two acres. Raymond divorced Rosena in 1980 and died intestate in 1983.

In this proceeding, the three children born of Raymond's marriage to Rosena asked the Court to set aside the 1972 deed as being ineffective in changing the title to the real estate and being fraudulently procured.

Raymond never married Floria; therefore, Floria is not his heir. If she has any interest in the subject property, it is pursuant to the 1972 deed. At the time this deed was executed, Floria, having no interest in the property and not being the wife of Raymond, was not a necessary grantor. Any deceit engaged in by Floria in misrepresenting herself as Raymond's wife in signing the deed was for no purpose. Whatever was conveyed by the deed was subject to Rosena's contingent dower interest. This interest was extinguished, however, in 1980 when Raymond and Rosena were divorced. See Code of Virginia Section 20-111.

What then was the effect of the 1972 deed?

In *Gant v. Gant*, 237 Va. 588 (1989), our Supreme Court held as follows:

> Tenancies by the entirety are based upon five unities: those of title, estate, time, possession, and persons. The unity of persons relates to marriage and embodies the common law fiction that husband and wife are one. A tenancy which lacks the fifth unity but is based upon the other four is a joint tenancy, for which the first four unities are also prerequisite.

(The Court must rely on the stipulated facts in reaching its decision because the deed of February 8, 1972, is not a part of the pleadings.)

Although in *Gant*, the parties to the deed formerly were married, and in the instant case they were not, nevertheless, in each case, the parties were unmarried at the time of the deed. In each case, the grantees were incorrectly identified as husband and wife.

We believe the holding in *Gant* must control here. Consistent with *Gant*, we find that the 1972 deed created a joint tenancy between Raymond and Floria. Further, such deed manifested an intention that upon the death of one of the parties, the property would pass to the survivor, unaffected by Code § 55-20.

For the foregoing reasons, we find that upon the death of Raymond Baylor in 1983, title to the subject property passed to Floria Lynch, pursuant to the survivorship provision of the 1972 deed.