## CIRCUIT COURT OF FAIRFAX COUNTY

Gisele Funches

v.

Pranee Funches

December 17, 1990

Case No. (Chancery) 117897

By JUDGE F. BRUCE BACH

Complainant seeks an injunction preventing defendant from selling certain property. Complainant also seeks partition and distribution of the proceeds. The defendant has demurred. Complainant, Gisele Funches ("Gisele"), married Robert Thomas Funches, Jr., now deceased, in 1955. The couple separated in 1958, and although each subsequently filed for divorce, no divorce ever occurred. Decedent went through a marriage ceremony with defendant, Pranee Funches ("Pranee"), in 1970, and they purchased property located in Fairfax, Virginia, in 1976. The deed states that decedent and Pranee owned the property as tenants by the entirety with the common law right of survivorship. Decedent died in March, 1990. This suit arises upon Gisele's assertion that she has dower rights in decedent's portion of the property because she is still his wife.

There are three issues to be decided in this case: (I) how the property should be titled; (II) whether Pranee has the right of survivorship in the property;and (III) whether Gisele has a dower interest in decedent's portion of the property.

## I. *How should the property be titled?*

Virginia law has been applied to facts similar to those presented here. *See Gant v. Gant,* 237 Va. 588, 379 S.E.2d 331 (1989). In *Gant,* just as in the case at bar, a deed purported to create a tenancy by the entirety with the common law right of survivorship between parties who were not married to each other. *Gant* explains that tenancies by the entirety are based upon five unities: those of title, estate, time, possession, and persons. The unity of persons relates to marriage. A tenancy which lacks the fifth unity but is based upon the other four is a joint tenancy. Therefore, a deed which purports to create a tenancy by the entirety between unmarried parties, such as Pranee and decedent, creates a joint tenancy.

## II. *Does Pranee have the right of survivorship in the property?*

A joint tenancy may, or may not, include the right of survivorship. Generally, when a joint tenant dies, his portion of the property descends to his heirs or passes by devise, subject to dower rights. Va. Code Section 55-20. However, that is not so when it manifestly appears from the tenor of the instrument that the deceased's portion of the property is intended to pass to the other joint tenants. Va. Code § 55-21. Thus, Pranee, who is a joint tenant with decedent, is entitled to the right of survivorship if the intent to include such right manifestly appears within the deed as it now stands.

*Gant's* facts differ slightly from the case at bar, but its reasoning is applicable. The right of survivorship which Pranee and decedent expressly retained in the original deed is consistent with the joint tenancy reflected in the deed as it now stands. Although the couple was not legally married, they lived as husband and wife for twenty years, had children together, and generally behaved as a married couple. I find that Pranee and Decedent intended to retain the right of survivorship and Pranee, as the surviving joint tenant, does hold the right of survivorship in the property.

### III. *Does Gisele have a dower interest in decedent's portion of the property?*

Virginia Code, § 64.1-21, provides that a surviving wife is not entitled to a dower interest in her husband's equitable separate estate if such right has been expressly excluded by the deed.

In the case at bar, the deed reflects a joint tenancy with the right of survivorship. Pranee's right of survivorship must necessarily exclude Gisele's dower interest because decedent's portion of the property passes directly to Pranee, the surviving joint tenant. I find that Gisele does not have a dower interest in decedent's portion of the property.

Pranee's demurrer is sustained.