GISELE FUNCHES

V.

PRANEE FUNCHES, ET AL.

Record No. 910422

January 10, 1992

Present: All the Justices

*E. Margriet Langenberg (Langenberg & Manson*, on brief), for appellant.
*Donne L. Colton (Powell & Colton*, on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

In this controversy over interests in real property, we determine whether a wife has a dower interest in land acquired by her husband and his companion during the course of a bigamous marriage as tenants by the entirety with the right of survivorship.*

In March 1990, Robert Thomas Funches died. In September 1990, appellant Gisele Funches, claiming to be the decedent's widow, filed a bill of complaint against appellee Pranee Funches individually and as personal representative of the decedent's estate. The plaintiff alleged that the decedent died intestate and that defendant claims to be his second wife. The plaintiff also al-

---

\* Code § 64.1-19.2, recognizing that the "interests of dower and curtesy are abolished" (effective January 1, 1991, Acts 1990, ch. 831 at 1369), provides that the procedures for enforcing such rights which vested prior to such date shall be governed by the laws in force prior to that date. Because the rights in this case vested prior to January 1, 1991, this opinion deals with the laws in force prior to that date. *See generally* J. William Gray, Jr., *Virginia's Augmented Estate System: An Overview*, 24 U. Rich. L. Rev. 513 (1990).

leged that she and decedent never were divorced and thus were lawfully married at the time of his death.

The plaintiff also alleged that defendant was not the decedent's lawful wife and that any marriage ceremony between the two was void. The plaintiff further alleged that decedent and defendant, during their bigamous marriage, acquired real property in Alexandria. She asserted that the property was conveyed to them as tenants by the entirety with the right of survivorship, "which is an impossibility due to the fact that the parties were never married."

Based on these allegations, the plaintiff contends that she has a dower interest in the decedent's share of the property and asked that title to the property be "modified to reflect that Robert Thomas Funches and Pranee Funches held the title to the real property as Tenants in Common." The plaintiff sought injunctive relief and, after the title is converted to a tenancy in common, partition and sale of the property.

The defendant filed a demurrer, contending the plaintiff has neither a dower interest nor any inheritance right in the property as a matter of law. Upon consideration of argument of counsel, the trial court sustained the demurrer. The court ruled that a deed which purports to create a tenancy by the entirety between unmarried parties, such as decedent and defendant, creates a joint tenancy; that the joint tenancy here included the right to survivorship in defendant, the surviving tenant; and that defendant's right of survivorship necessarily excluded any dower interest in the plaintiff. We awarded the plaintiff this appeal from the December 1990 order dismissing the bill of complaint. We now affirm.

The decision in this case is controlled by the principles which we recently enunciated in *Gant* v. *Gant*, 237 Va. 588, 379 S.E.2d 331 (1989). Indeed, the first sentence of the *Gant* opinion states the crucial issue in the present case: "In this appeal, we consider the effect of a deed purporting to convey an estate by the entirety, with words of survivorship, to parties who are not married." *Id.* at 589, 379 S.E.2d at 331.

In *Gant*, after a married couple divorced, they acquired a house and lot by a deed which purported to convey the property to the unmarried couple "to be held and owned by them . . . as tenants by the entireties with the right of survivorship as at common law. . . ." *Id.* Later, the man married another woman. Upon his death, his widow and their daughter filed a partition suit naming the ex-wife, among others, as a party defendant. We affirmed the

trial court's ruling that, upon the decedent's death, the property had passed to the ex-wife by survivorship and that the widow and her daughter had no interest in the property.

In *Gant*, we noted that the General Assembly in 1787 abolished survivorship between joint tenants, but that this Court decided the legislation did not apply to tenancies by the entirety. We pointed out that survivorship in tenancies by the entirety was also abolished later, "but subsequent legislation, effective in 1888, provided that the right of survivorship would be retained between joint tenants as well as tenants by the entirety where the deed or will manifests an intent that it shall continue." *Id.* at 591, 379 S.E.2d at 332; Code § 55-20 (Repl. Vol. 1986) (when joint tenant dies, "his part shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts, curtesy, dower, or distribution, as if he had been a tenant in common. And if hereafter any estate, real or personal, be conveyed or devised to a husband and his wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance") and § 55-21 (Section 55-20 inapplicable "to an estate conveyed or devised to persons in their own right when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others. . .."). *See Pitts* v. *United States of America*, 242 Va. 254, 258-60, 408 S.E.2d 901, 903-04 (1991).

In *Gant*, we stated: "Tenancies by the entirety are based upon five unities: those of title, estate, time, possession, and persons. The unity of persons relates to marriage and embodies the common-law fiction that husband and wife are one. A tenancy which lacks the fifth unity but is based upon the other four is a joint tenancy, for which the first four unities are also prerequisite." *Gant*, 237 Va. at 591-92, 379 S.E.2d at 332-33. We held that parties who are not married to each other, even though "they lack one of the essential unities prerequisite to the creation of a tenancy by the entirety, . . . may become joint tenants, and if the instrument creating the estate manifests the requisite intention, the joint tenancy will be clothed with the common-law right of survivorship, unaffected by Code § 55-20." *Id.* at 592, 379 S.E.2d at 333.

In *Gant*, as in this case, there was a contention "that the deed attempted to create an impossible tenancy by the entirety between parties who were not married to each other," and "that it

should be construed as creating a tenancy in common to avoid rendering it a 'nullity.' " *Id.* Responding to that contention, we held: "The deed purported to create a tenancy by the entirety, which is consistent with the right of survivorship expressly retained. Because the grantees were not married, the essential unity of persons was lacking. The result was the creation of a joint tenancy, with which the express retention of the right of survivorship is also consistent." *Id.*

Only slight elaboration beyond the analysis of *Gant* is necessary to demonstrate that *Gant*'s principles govern the result in this case. Obviously, the deed which purports to establish a tenancy by the entirety between these persons who are not married to each other creates a joint tenancy. Clearly, the words of survivorship expressly manifest the requisite intent that the joint tenancy is clothed with the common-law right of survivorship. And, this express manifestation of survivorship necessarily excludes plaintiff's dower interest. *See* Code § 64.1-21 (Repl. Vol. 1987) (surviving spouse not entitled to dower or curtesy in equitable separate estate of deceased spouse if right thereto expressly excluded by instrument creating same), *repealed by* Acts 1990, ch. 831, effective January 1, 1991.

Furthermore, the interest of the defendant, the surviving joint tenant, is superior to the dower interest of the plaintiff, the wife of the other joint tenant. "One joint tenant's right in the joint estate is superior to the contingent or inchoate dower of the wife of the other joint tenant. Joint tenants are seized *per mi et per tout*, - that is, each of them has the entire possession of his part as well as of the whole. One of them has not a seizen of one-half and the other the remaining half. Neither can one be exclusively seized of one acre and the other of another acre. Each has an undivided moiety of the whole, not the whole of an undivided moiety. The possession and seizen of one joint tenant is the possession and seizen of the other." *Turner* v. *Turner*, 185 Va. 505, 508, 39 S.E.2d 299, 301 (1946). When the decedent died, the entire estate passed to the survivor, cutting off the widow of the deceased joint tenant. *See* Code § 64.1-19 (Repl. Vol. 1987) *repealed by* Acts 1990, ch. 831, effective January 1, 1991 (surviving spouse not entitled to dower or curtesy unless decedent "seized during coverture of an estate of inheritance").

Finally, the plaintiff contends that the trial court erred when it did not recognize her dower interest and failed to modify

the deed to reflect a tenancy in common "when the deed arose out of a criminal and illegal incident of bigamy." The complete answer to this contention, assuming as we must on demurrer that the decedent committed bigamy by marrying the defendant, is that the "marriage" did not confer the ownership or survivorship interests in the property. Instead, the deed created the right of survivorship in the defendant. Since the enactment of Code §§ 55-20 and -21, survivorship can be conferred only by the instrument conveying the property. *Allen* v. *Parkey*, 154 Va. 739, 745, 149 S.E. 615, 617-18 (1929). Here, survivorship was expressly created by the parties in the deed; no property rights were acquired by any wrongful acts. Thus, the fact of a void marriage affects neither defendant's ownership of the property nor her right of survivorship.

Consequently, we find no error in the trial court's judgment of dismissal and it will be

*Affirmed.*