## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Warren Mitchell McDaniel et al.

v.

Terry May et al.

v.

Patricia Ann Wise

November 20, 1997

Case No. CH97-28

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issue presented in this litigation is whether a husband and wife can, during a divorce proceeding, convert property held as tenants by the entirety to a joint tenancy with right of survivorship and thereby perpetuate survivorship beyond the divorce in derogation of Virginia Code § 20-111.

### Facts

Most of the pertinent facts are undisputed.

Nelson L. McDaniel and Patricia Ann McDaniel (now Wise) were married in 1969.[1] They acquired the property that is the subject of this litigation, a lot in Doe Run Estates, in 1985 as tenants by the entirety with right of survivorship as at common law. They purchased a mobile home, placed it on the property, and resided there until their separation in 1987.

Mrs. McDaniel instituted a suit for no-fault divorce on February 28, 1990. (No. C90-126). Two days later, Mr. and Mrs. McDaniel executed and

---

[1] For continuity and clarity, Patricia Ann (McDaniel) Wise will be referred to throughout this opinion as Mrs. McDaniel.

recorded a deed conveying the Doe Run property to themselves "as joint tenants with the right of survivorship as at common law." The divorce was uncontested, and a final decree was entered on April 19, 1990.[2] Nothing was said in the pleadings, depositions, or final decree about the Doe Run property (or, for that matter, any other marital property).

Mr. McDaniel continued to live on the property until his death. He died on September 21, 1996, intestate, unmarried, and survived by four children: Terry May, a daughter born to his marriage with Mrs. McDaniel, and three children by a previous marriage.

After Mr. McDaniel's death, Mrs. McDaniel sold the property to David L. Hoffman.

Mr. McDaniel's three children by his previous marriage brought this partition suit on January 21, 1997, claiming ownership (with Mrs. May) of their father's one-half undivided interest in the property. They joined Mrs. May, Mr. Hoffman, and Mr. Hoffman's mortgage lender as defendants. Mr. Hoffman filed a third-party pleading against Mrs. McDaniel.

The case was tried on November 3, 1997. The parties entered into a written stipulation of facts which was admitted as evidence at trial. The court received additional evidence and memoranda of law, heard arguments, and took the case under advisement.

### The Parties' Arguments

The plaintiffs take the position that § 20-111 controls the outcome of the case no matter "how, why, or when the property was converted from tenancy by the entireties [sic] property into joint tenancy property." (Plaintiff's memorandum, p. 2). In short, they assert that the McDaniels' divorce automatically converted ownership of the property to a tenancy in common with each former spouse owning a one-half undivided interest, and, upon Mr. McDaniel's death, his share devolved to his children in equal shares.

Section 20-111 provides:

> Upon the entry of a [final] decree of divorce ... all contingent rights of either consort in the real and personal property of the other ... including the right of survivorship in ... property, title to which is vested in the parties as joint tenants or as tenants by the entirety, with right of survivorship as at common law, shall be extinguished, and

---

[2]  The divorce file was admitted as evidence in this proceeding without objection.

such estate by the entirety shall thereupon be converted into a tenancy in common.

The defendants contend that the McDaniels' deed was tantamount to a property settlement agreement, the purpose of which was to ensure that their respective rights of survivorship in the Doe Run lot survived the divorce.

Mrs. May, testifying for her mother, confirmed that the purpose of the deed was to enable the survivor of her parents to own the property "outright" notwithstanding the impending divorce. She related conversations with her father in which he apologetically explained that this was what they wanted to do even though it meant that none of the children (including her) would have an interest in the property.

Mrs. McDaniel and Mrs. May further testified that at the time, Mr. McDaniel who was seventeen years old than Mrs. McDaniel, suffered from poor health, so it was agreed that he could continue to live on the property until his death.

In furtherance of the McDaniels' arrangement, they wrote to the lender that held a lien on their mobile home. The letter, dated February 16, 1990, and signed by both Mr. and Mrs. McDaniel, requested that title to the mobile home be converted to *"Right of Survivorship* between these two joint parties (*Joint Tenants*)." (Emphasis in the original.) In response, the lender obtained a new certificate of title dated March 14, 1990, in the names of "Nelson L. McDaniel and Patricia A. McDaniel, or Survivor." (Exhibit # 1).

The defendants argue that a mechanical application of § 20-111 to the facts of this case would subvert the provisions of § 55-21 and the rights of Mr. and Mrs. McDaniel to dispose of their marital property upon dissolution of their marriage.

Section 55-20 abolishes survivorship between joint tenants. However, § 55-21 provides:

Section 55-20 shall not apply to ... an estate conveyed or devised to persons ... when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others.

In other words, the common law element of survivorship among joint tenants and tenants by the entirety has been abolished *except* where, as here, the instrument manifests an intent that it be preserved. *Allen v. Allen*, 154 Va. 729 (1929).

*Decision*

There can be no doubt that the McDaniels' deed meets the requirements of § 55-21. Not only does the intent of survivorship "manifestly appear from the tenor of the instrument," it is specifically expressed on the face of it.

There can also be no doubt about the purpose of the deed. The circumstances of its preparation, execution, and recordation standing alone indicate that Mr. and Mrs. McDaniel were attempting to preserve beyond their impending divorce a right of survivorship between themselves in their jointly-owned marital residence.

The McDaniels' goal in converting their tenancy by the entirety to a joint tenancy with an expressed right of survivorship was confirmed by the evidence, including the testimony of Mrs. McDaniel and Mrs. May.

At trial, the plaintiffs objected to that testimony on the ground that it is barred by the so-called dead man's statute, § 8.01-397.

The dead man's statute removes a litigant's common-law incompetence to testify where the other party to the transaction is incapable of testifying due to death, insanity, or other legal cause. Thus, today, a party is not incompetent to testify merely because the opposing party is incapable of testifying. See Friend, *Law of Evidence in Virginia* (4th ed. 1993), §§ 6-8. However, the statute imposes certain limitations upon testimony in a case involving a party who is incapable of testifying. Pertinent here, and simply put, the testimony of the testifying party must be corroborated.

In this case, Mrs. McDaniel's testimony was adequately corroborated. First, as noted above, the circumstances surrounding the execution of the deed confirm Mrs. McDaniel's version of events. Second, Mrs. May's testimony is corroborative. Although Mrs. May is listed as a party defendant and her sympathies apparently are with her mother, the fact remains that Mrs. May, as one of Mr. McDaniel's four surviving children, has a pecuniary interest in this litigation that is adverse to Mrs. McDaniel. Therefore, her testimony meets the corroboration requirement. Finally, the documentary evidence about the McDaniels' conversion of their mobile home to survivorship property is likewise corroborative.

For these reasons, the court is of the opinion that Mrs. McDaniel's testimony regarding the circumstances and the purpose of the deed is admissible.

Nevertheless, a crucial question remains to be answered: What did Mr. and Mrs. McDaniel actually accomplish by the execution of their March 1, 1990, deed?

Tenancies by the entirety are based upon five unities: title, estate, time, possession, and persons. The unity of persons relates to marriage. It is based upon the common law fiction that husband and wife are one. A tenancy that lacks the fifth unity but embodies the other four is a joint tenancy, for which the first four unities are also prerequisite. *Gant v. Gant*, 237 Va. 588 (1989); *Jones v. Conwell*, 227 Va. 176 (1984).

When husband and wife acquire property as "joint tenants," their ownership of that property is equivalent to a tenancy by the entirety because the fifth unity, unity of persons, is supplied by their marriage.

It follows that when the McDaniels made a deed converting their tenancy by the entirety to joint tenancy, they accomplished nothing.

The result is not changed by adding to this analysis a consideration of §§ 55-20 and 55-21. Those statutes preserve a right of survivorship where, as here, such intention manifestly appears on the face of the instrument. Still, one is confronted with the impact of § 20-111, which *automatically extinguishes survivorship* in joint tenancies *and* tenancies by the entirety upon divorce of the co-tenants.

In short, although the McDaniels' intentions are clear, the transaction did not accomplish its objective. This is not an anomaly in the annals of jurisprudence. In Virginia, a man and woman may intend to marry simply by living together openly as husband and wife, but the law will not recognize their "marriage." A person may intend to make a will, but he will not accomplish his objective if he does not comply with certain formalities or if the writing is not of a testamentary nature. A landowner may intend to convey fee simple title to another, but that cannot be accomplished by a lease for a term of one hundred years.

In *Gant v. Gant*, 237 Va. 588 (1989), two persons formerly married to one another purchased property as tenants by the entirety with right of survivorship with the intention of remarrying. They never remarried, and the man died. In a partition suit similar to this one, brought by the deceased ex-husband's children, the Court treated the tenancy by the entirety as a joint tenancy (because of the lack of the fifth unity), found that a right of survivorship manifestly appeared on the face of the instrument, and upheld the survivorship interest of the ex-wife. Thus, it is evident from *Gant* that *former* spouses can own property together as joint tenants with right of survivorship.

However, in *Gant*, the ex-spouses acquired their property *after* their divorce, escaping the impact of § 20-111.

The lesson learned from *Gant* is that the McDaniels could have avoided the nullifying reach of § 20-111 by waiting until they were divorced before converting their co-ownership of the Doe Run property into a joint tenancy

with the right of survivorship as at common law. Of course, there are other ways that they could have accomplished their objective, such as a property settlement agreement.

For the foregoing reasons, the court holds that the McDaniels' divorce extinguished the element of survivorship in their co-tenancy, as mandated by § 20-111, and converted it to a tenancy in common. Upon Mr. McDaniel's death, his one-half undivided share passed by operation of law to his four children in equal shares. Thereafter, ownership of the property was shared by Mrs. McDaniel (a one-half interest), and Mr. McDaniel's four children (each owning a one-eighth interest). Mr. Hoffman acquired only Mrs. McDaniel's one-half interest.

The court understands that the parties are in agreement that an escrow exists which is sufficient to cover the plaintiffs' interests and that Mr. McDaniel's children will look solely to the escrow fund to satisfy their claim.