COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


JOYCE ELIZABETH CZAJKOWSKI

                                   MEMORANDUM OPINION* BY
v.    Record No. 1981-99-4     JUDGE JERE M. H. WILLIS, JR.
                                       MARCH 21, 2000
KENNETH E. LABOWITZ, AS ADMINISTRATOR C.T.A.
 OF THE ESTATE OF ANTHONY F. CZAJKOWSKI


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Benjamin N. A. Kendrick, Judge

         Robert A. Payne (Fagelson, Schonberger,
         Payne & Deichmeister, P.C., on briefs), for
         appellant.

         Kenneth E. Labowitz (Jason D. Blatt; Dingman
         Labowitz, P.C., on brief), for appellee.


     On appeal from the denial of a contempt citation, Joyce

Elizabeth Czajkowski contends that the trial court erred in

holding that a deed to her former husband and herself conveyed

title as tenants in common, rather than as joint tenants with

the right of survivorship.  Because this holding was not

embraced by the pleadings within the scope of the parties'

divorce action, we reverse and vacate the holding without

prejudice.

     Anthony and Joyce Czajkowski, while married, owned a

condominium as tenants by the entireties.  They separated in

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

1988 and lived apart thereafter.  On December 26, 1996, they executed a marital settlement agreement which provided, in relevant part, as follows:

> II.  C.  The Husband and Wife will retain ownership as joint tenants with common law rights of survivorship of the condominium . . . subject to the following:
>
> 1.  Wife shall have the exclusive right to use said condominium as her residence.  Wife shall be responsible for paying the condominium fees of said condominium and maintaining the property in a habitable condition.
>
> 2.  Wife shall have the sole right to sell said condominium.  Husband and Wife will share the difference equally, if any, between the selling price of said property and the mortgage principal balance outstanding on the date of sale.
>
> 3.  Should Wife desire to obtain sole title to the property, Husband shall transfer his interest to her for 50 percent of the difference between the property's fair market value and the mortgage principal balance outstanding at that time of transfer.

By decree entered June 3, 1997, Anthony and Joyce were granted a divorce a vinculo matrimonii.  The decree provided, in pertinent part:

> [I]t is further . . .
>
> ADJUDGED, ORDERED and DECREED that the Property Settlement Agreement dated December 26, 1996, is affirmed, ratified and incorporated, but not merged in this decree.

The divorce decree converted the tenancy by the entireties to a tenancy in common.  See Code § 20-111.  On December 22, 1997, Anthony and Joyce executed a general warranty deed conveying the

-

condominium to themselves "as joint tenants with common law right of survivorship."

Anthony died on October 31, 1998. Kenneth E. Labowitz qualified as Administrator C.T.A. of his estate. By deed dated December 28, 1998, Joyce, "divorced and not remarried, surviving joint tenant of Anthony F. Czajkowski, deceased," conveyed the condominium to herself. The deed recited:

> The above-named Anthony F. Czajkowski
> departed this life on October 31, 1998,
> . . . leaving Joyce E. Czajkowski as his
> surviving joint tenant.
>
>     *     *     *     *     *     *     *
>
> The purpose of this deed is to ratify and
> confirm ownership of Joyce E. Czajkowski
> upon the death of Anthony F. Czajkowski.

Labowitz, as administrator of Anthony's estate, petitioned the trial court to hold Joyce in contempt for refusing to pay Anthony's estate one-half of the equity in the condominium pursuant to Part IIC(3) of the marital settlement agreement. By decree entered August 4, 1999, the trial court declined to hold Joyce in contempt, ruling that

> there being no provision in the Marital
> Settlement Agreement or final decree of
> divorce that has been violated by [Joyce],
> the prayer in the petition filed by the
> Administrator for the entry of a decree
> directing the Defendant, Joyce Czajkowski,
> to show cause why she should not be judged
> in contempt should be, and same hereby is,
> denied . . . .

That ruling has not been appealed.

-

The trial court further held:

> [U]pon the entry of the final decree of divorce herein, the parties' ownership of the subject condominium was that of tenants in common and the General Warranty Deed dated December 22, 1997 and Deed of Confirmation dated December 28, 1998 were ineffective to create a joint tenancy with survivorship.

On appeal, Joyce contends that the trial court erroneously construed the December 22, 1997 deed.

The trial court found no violation of the marital settlement agreement or of the divorce decree. See Funches v. Funches, 243 Va. 26, 31, 413 S.E.2d 44, 47 (1992); Jackson v. Jackson, 211 Va. 718, 719, 180 S.E.2d 500, 500 (1971). That ruling was not appealed and is final. That ruling was correct. At issue are the rights of the parties under the December 22, 1997 deed. That Joyce and Anthony executed the deed in furtherance of their marital settlement agreement, as approved and incorporated in the divorce decree, is of no consequence. When they executed the deed, they were no longer married. They were legal strangers, free to contract as they thought proper. They had the right, upon agreement, to vary the property settlement provisions of their marital settlement and the divorce decree. We note that on January 29, 1998, they executed an amendment to the marital settlement agreement, containing provisions not relevant to this case.

-

"Jurisdiction in divorce suits may not be acquired inferentially or through indirection because divorce in Virginia is a creature of statutes enacted in clear, detailed language." Steinberg v. Steinberg, 11 Va. App. 323, 328-29, 398 S.E.2d 507, 510 (1990).

> "A suit for divorce . . . does not involve an appeal to the general jurisdiction of the equity forum.  The many limitations, both in respect to jurisdiction and procedure, placed upon divorce suits by the statute, differentiate the divorce case from ordinary suits in equity and render it a chancery case sui generis."

Reid v. Reid, 245 Va. 409, 413, 429 S.E.2d 208, 210 (1993) (citations omitted).

> [A] decree may . . . be void if "the character of the judgment was not such as the court had the power to render, or [if] the mode of procedure employed by the court was such as it might not lawfully adopt."

Watkins v. Watkins, 220 Va. 1051, 1054, 625 S.E.2d 750, 752-53 (1980) (citation omitted).

The ruling on appeal involved the construction of the December 22, 1997 deed, an instrument between legal strangers. The issues raised in that ruling did not derive from the parties' marriage, their marital settlement agreement, or their divorce decree and, thus, were not properly embraced within the divorce suit or the administrator's petition.  Those issues could be addressed only in a court of general law or equity

-

jurisdiction.  The trial court, sitting as a divorce court, lacked that jurisdiction.

Accordingly, we reverse and vacate the trial court's holding that the December 27, 1997 deed created a tenancy in common.  That part of the August 4, 1999 decree is dismissed without prejudice to the parties, who may address that issue in a proper forum, if they be so advised.

<u>Reversed and vacated without prejudice.</u>