# CIRCUIT COURT OF PAGE COUNTY

Page County

v.

Arlene Cook *et al.*

August 6, 2015

Case No. CL-14-567

BY JUDGE CLARK A. RITCHIE

This letter is in reference to the hearing held on this case on July 14, 2015. The Court heard the arguments of counsel and received exhibits. The Plaintiff, Page County, has filed a complaint requesting that a certain parcel of land as described in the pleadings and exhibits as the same as noted in Page Tax Map Parcel Number 21-A-37 be sold in order to satisfy its lien with interest, penalties, costs, and attorney's fees. This parcel has been assessed in the name of Defendant Arlene Cook. However, the Plaintiff alleges that this same parcel is held in the name of Defendant Stacy Renee Sibert, subject to a life estate reserved for Defendants Arlene Ramey (Cook) and Donna L. Sibert. However, Defendants Page Memorial Hospital, Robert Janney, in his capacity as Executor of the Estates of Roby G. Janney and Marion C. Janney, and Reed's Tire Center # 1, Inc., deny that Stacy Renee Sibert or Donna L. Sibert have any interest in the property. Instead, it is argued that the property is owned solely by Arlene Ramey, formerly known as Arlene Cook.

The evidence established that Arlene (Cook) Ramey owned the property prior to 1976. In that year, by deed dated September 7, 1976, Arlene Cook conveyed unto Amos Ramey and Arlene Cook "as tenants by the entirety with right of survivorship as at common law and not as tenants in common." A little over a month later on October 17, 1976, Arlene Cook and Amos Ramey were married. Amos Ramey died testate on June 22, 1993. Ramey devised the property to Arlene (Cook) Ramey, his widow, for life and then to his stepdaughter Donna L. Sibert for life with the remainder to Stacy Renee Sibert.

At the outset, the fundamental inquiry is to determine who in fact owns this property. Either the September 7, 1976, deed's survivorship provision vested sole ownership with Arlene (Cook) Ramey at the time of Mr.

Ramey's death or the survivorship provision had no effect due to the fact that the parties were not married at the time of the conveyance to them as tenants by the entireties, thereby vesting ownership with Stacy Sibert subject to aforementioned life estate(s) as devised in the will.

The case of *Gant v. Gant*, 237 Va. 588 (1991), controls in this inquiry. *Gant's* facts are very analogous to this matter. In that case, a couple divorced, subsequently received property as tenants by the entirety, and then remarried. *Gant* held that, although parties who attempt to create a tenancy by the entireties lack "one of the essential unities prerequisite to the creation of a tenancy by the entirety [the unity of persons], they may become joint tenants *and if the instrument creating the estate manifests the requisite intention, the joint tenancy will be clothed with the common law right of survivorship. . . . " Gant*, 237 Va. at 592 (emphasis added).

In *Gant*, the deed in question attempted to convey the parties "to be held and owned by them . . . as tenants by the entireties with the right of survivorship as at common law." The Court held that the phrase "with the right of survivorship as at common law" manifested the requisite intention to "clothe" the joint tenancy with the right of survivorship. *Id.*

In this case, the language was arguably even stronger. Arlene (Cook) Ramey's conveyance of her property to herself and future husband "as tenants by the entirety with right of survivorship as at common law and not as tenants in common" closely mirrors the language interpreted by *Gant*. However, it also reinforces the survivorship provision by stating "and not as tenants in common." One of the fundamental principles of a tenancy in common is the absence of survivorship.

Plaintiff asserts that the fact that the parties in *Gant* were previously married before the conveyance (they then married again after it) is a distinguishing feature that should exclude application of *Gant* to this case. However, *Gant* did not use the prior marriage of the parties as support for the ruling. Specifically, *Gant* held that divorced persons are free, "as are any other parties" to hold property jointly. *Id.* This is supported by the subsequent case of *Funches v. Funches*, 243 Va. 26 (1992). This case relied heavily — almost exclusively — on *Gant* and applied its reasoning to a set of facts that did not involve a prior marriage of the parties to each other.

Based on the foregoing, I find that the survivorship provision of the September 7, 1976 deed is enforceable and, at the time of Amos Ramey's, death operated to vest sole ownership of his interest in this property with Arlene (Cook) Ramey. Thus, this property was not part of the estate of Amos Ramey, and could not be devised by his will.

Evidence presented establishes that the property is eligible for judicial sale. Thus, the Court will order the property sold by public auction in accordance with Va. Code § 58.1-3965 *et seq.* In this regard, James Elliott, Esq., will be appointed as the sole Special Commissioner for this purpose in compliance with all appropriate relevant statutory provisions.