## Richmond

ARTHUR E. JONES, TRADING AS
ART JONES TRAVEL SERVICE

V.

SAM CONWELL, ET AL.

Record No. 810886.

March 9, 1984.

Present: All the Justices.

*Louis K. Rothberg; E. Grier Ferguson* for appellant.
*Robert K. Thompson (Dix and Thompson,* on brief), for appellees.

THOMAS, J., delivered the opinion of the Court.

This appeal presents an issue of first impression in the Commonwealth: whether a joint tenancy with right of survivorship, as at common law, is subject to partition by a judgment lien creditor of one of the several joint tenants.

Arthur E. Jones, trading as Art Jones Travel Service (Jones), secured two separate judgments against Sam Conwell. The judgments were docketed in the Circuit Court of Fairfax County. Thereafter, the court which entered the judgments issued writs of *fieri facias.*

Jones then filed a bill of complaint in the Circuit Court of Fairfax County to compel partition of land located in that county and owned by Conwell along with three other individuals with whom he held the property as joint tenants with right of survivorship. Jones sued all the joint tenants.

They filed a demurrer in which they contended that because Conwell was married to one of the joint tenants the relief prayed for could not be granted. The trial court sustained the demurrer, but not on the ground advanced by defendants. According to the trial court, the bill of complaint was demurrable because "the real property which is the subject of the Bill of Complaint for Partition is owned by the Defendants . . . as joint tenants with common law rights of survivorship . . . and . . . said property is not subject to partition pursuant to Section 8.01-81 . . . by virtue of Section 55-21."

On appeal, Jones contends that as a matter of statutory interpretation and of public policy, a judgment lien creditor is entitled to reach any property interest which his judgment debtor can reach, including an interest in a joint tenancy with right of survivorship. Put another way, Jones contends that a judgment lien

creditor should be allowed to "stand in the shoes" of his judgment debtor so as to reach all assets that could be reached by the debtor. We agree with Jones' analysis; therefore, we will reverse the judgment of the trial court.

The trial court sustained the demurrer on the basis of its reading of Code §§ 8.01-81 and 55-21. Those two provisions read in pertinent part as follows:

### Code § 8.01-81

Tenants in common, joint tenants, and coparceners of real property, including mineral rights east and south of the Clinch River, shall be compellable to make partition; and a lien creditor . . . may also compel partition for the purpose of subjecting the estate of his debtor or the rents and profits thereof to the satisfaction of his lien. Any court having general equity jurisdiction shall have jurisdiction in cases of partition; and in the exercise of such jurisdiction may take cognizance of all questions of law affecting the legal title that may arise in any proceedings, between such tenants in common, joint tenants, coparceners and lien creditors.

### Code § 55-21

The preceding section (§ 55-20) shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others.

A detailed explanation of the trial court's reasoning is not available because this matter was disposed of on demurrer and no letter opinion was written. Nevertheless, it appears the trial court concluded that because § 55-21 permits the creation of joint tenancies with the right of survivorship where the intent to create that estate manifestly appears from the tenor of the instrument and because Conwell was a joint tenant with right of survivorship, then § 8.01-81 was inapplicable since it does not expressly refer to partition of joint tenancies with right of survivorship. In essence, the trial court concluded that as a matter of statutory interpretation the words "joint tenants" as used in § 8.01-81 do not include joint tenancies with right of survivorship. We think the trial court's conclusion in that regard is incorrect.

The trial court based its analysis upon the wrong statutes. Instead of considering the relationship between Code §§ 55-21 and 8.01-81, it should have considered the relationship between Code §§ 55-20 and 8.01-81. Code § 55-20 reads in pertinent part as follows:

> When any joint tenant shall die, before or after the vesting of the estate, whether the estate be real or personal, or whether partition could have been compelled or not, his part shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts, curtesy, dower, or distribution, as if he had been a tenant in common.

Code § 55-20 is generally described as abolishing joint tenancies with right of survivorship as at common law. Before the enactment of this statute, conveyance of a joint tenancy, without more, carried with it the right of survivorship. After the enactment of this statute, conveyance of a joint tenancy, without more, conveyed, in effect, a tenancy in common. Code § 55-21 does not bear on the issue raised in this appeal. It merely provides that if the correct intent is shown, a joint tenancy with right of survivorship can still be created in Virginia. But that is not an issue in this case; neither party disputes that such a joint tenancy was created. Code § 8.01-81 states that "Tenants in common, joint tenants, and coparceners of real property . . . shall be compellable to make partition." As we have seen, according to Code § 55-20, where the words "joint tenants" are used by themselves they now mean virtually the same as "tenants in common." As a result, unless the words "joint tenants," as used in Code § 8.01-81, mean joint tenants with right of survivorship, one would have to conclude that the legislature enacted a statute that contains a redundancy, for Code § 8.01-81 would have to be read to mean "Tenants in common, [tenants in common], and coparceners." Such a reading follows not only from the language used in the two relevant statutes but from the principle that "[t]he doctrine of survivorship is the grand incident of joint estates which more than any other distinguishes them from the other instances of estates held in common." 2 *Minor on Real Property* § 847 (F. Ribble 2d ed. 1928) (hereinafter cited as *Minor*). Consequently, once the right of survivorship is stripped from a joint tenancy, what remains is, in practical effect, a tenancy in common. It would be absurd to conclude that the legislature would say the same thing

twice in one statutory provision. Yet, if we were to adopt the argument advanced by Conwell, this absurd result would obtain. The rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless, repetitious, or absurd. On the contrary, it is well established that every act of the legislature should be read so as to give reasonable effect to every word and to promote the ability of the enactment to remedy the mischief at which it is directed.

■ In addition to the compelling statutory argument advanced by Jones, we think Jones is also correct in arguing that if we deny him relief we will thereby elevate joint tenancies with the right of survivorship to the same level now reserved exclusively for tenancies by the entirety, which are immune from the creditors of a single cotenant and which cannot be partitioned. *See Allen* v. *Parkey*, 154 Va. 739, 746, 149 S.E. 615, 618 (1930). It is settled that tenancies by the entirety are based upon the same four unities that support joint tenancies, that is, the unities of title, estate, time, and possession. However, it is also settled that tenancies by the entirety are supported by a fifth unity which they do not share with any other tenancy: the unity of marriage. That unity embodies the legal fiction that husband and wife are one. And it leads to the result that neither husband nor wife can by his or her sole act defeat the survivorship interest of the other spouse. Neither spouse can by separate act make an absolute disposition of property they hold as tenants by the entirety, nor can a judgment lien creditor of one spouse subject that property to the satisfaction of his lien. *See Minor* § 854. And, as mentioned above, neither the husband nor the wife can compel partition of such property. Professor Minor explains this on the ground that to permit partition of tenants-by-the-entirety property "would imply a separate interest in each tenant, contrary to the fundamental conception of the tenancy at common law." *Id*. at § 856.

■ Joint tenancies with right of survivorship are dramatically different. Even at common law, though there existed a right of survivorship, there also existed the power to dispose completely of one's interest in the joint tenancy so long as the disposition was made during life. According to *Minor*, "joint tenants, while the jointure endures, own by entireties together, and nothing separately, but with power of transferring inter vivos in equal shares." *Id*. at § 844. The only limitation on the alienability of an interest in a joint tenancy with right of survivorship was that it could not

be devised. This is so because the survivors already owned all the property, but at the death of a joint tenant they merely had one less person with whom to share that ownership.

A joint tenant who disposed of his interest during life did not destroy the joint tenancy as between his former joint tenants. However, the grantee of the former joint tenant could not take his grantor's place as a joint tenant, because he would not share all four of the unities. Instead, the grantee became a tenant in common as to the others. *Leonard* v. *Boswell, Executrix*, 197 Va. 713, 90 S.E.2d 872 (1956). In short, it is settled beyond debate that whereas tenants by the entirety had no power to alienate permanently their interest, unless they acted together, a joint tenant with right of survivorship had such power. According to Professor Thompson, "It is settled in law that a joint tenant may alienate or convey to a stranger his part of interest in the realty, and thereby defeat the right of the survivor, without consent of the other joint tenant." 4 G. Thompson, *Commentaries on the Modern Law of Real Property* § 1780 (1979). Moreover, in sharp contrast to the rule concerning tenants by the entirety, a joint tenant with right of survivorship could force partition of the property. *See Jamestown Terminal Elevator Inc.* v. *Knopp*, 246 N.W.2d 612, 614 (N.D. 1976); *Minor* § 889.

Further, the position espoused by Conwell would, if adopted, lead to inequitable results. Any person desiring to protect property from the claim of a judgment creditor could first convey that property to another, then have the property conveyed back to the debtor and another as joint tenants with the right of survivorship. If the creditor could not prove a fraudulent conveyance, the debtor would have a ready means of protecting property that should be answerable for his debts. Thus, the argument advanced by Conwell would further the opportunities for fraud rather than limiting such opportunities.

In addition, it seems fundamentally unfair that a debtor should be able to reach and dispose of an asset upon his own volition while his judgment creditor is prohibited from compelling him to reach and dispose of that same asset to pay a debt. Such a situation runs counter to several principles that emerge from the cases and the treatises. In *Mears* v. *Taylor*, 142 Va. 824, 128 S.E. 264 (1925), we suggested that the right to alienate a property interest carries with it the liability to discharge debts. There we said: "The general rule is, that a man cannot possess property even for life,

which, while his estate continues therein, shall not be liable to his debts." 142 Va. at 831, 128 S.E. at 266. Professor Minor echoes that same concept: "In general any alienable interest is liable to debts, so that the question becomes simply what can the tenant legally convey?" *Minor* § 854, n.6. In the same vein, in his work on real property, Professor Powell states, unequivocally, that the interest of a joint tenant should be answerable for his debts:

> *During the continuance of a joint tenancy, each joint tenant has a liability to have his fractional interest taken for the satisfaction of his debts.* Any such taking, when completed, works a severance of the joint tenancy. Thus, a judgment creditor must not only levy on the land, but sell it and have any redemption period expire before the severance is completed.

4A R. Powell, *The Law of Real Property* § 618 (1982) (emphasis added); *see* 4 G. Thompson, *Commentaries On The Modern Law of Real Property* § 1780 (1979); II *American Law of Property* ¶6.2 (1952). In another volume of his work, Professor Powell describes "the principle that whatever a debtor may voluntarily transfer . . . his creditors can reach." 2A R. Powell, *The Law of Real Property* § 287 (1981).

If a debtor can dispose of his property interest at any time he chooses, he should be required to use that disposable interest to pay his just debts. The law should not permit a joint tenant with right of survivorship to compel partition, sell his interest, receive money, and use that money to make any purchase he desires, yet refuse to compel partition on behalf of a judgment creditor where the debt is first incurred then is left unpaid while property exists of value sufficient to pay that debt.

■ In light of the foregoing authorities, we hold, as a matter of statutory interpretation and public policy, that the words "joint tenants" as used in Code § 8.01-81 were intended by the legislature to include joint tenants with right of survivorship and, pursuant to Code § 8.01-81, such tenants "shall be compellable to make partition" at the instance of a judgment lien creditor. We conclude then that Jones stated a cause of action and that the demurrer should have been overruled. This decree will therefore be reversed and the case remanded for a trial on the merits.

*Reversed and remanded.*