## CIRCUIT COURT OF CHESTERFIELD COUNTY

John H. Laprade, Jr.

v.

Joan C. Laprade

March 6, 1991

Case No. CH90-1589

By JUDGE ROBERT L. HARRIS, SR.

This case comes before the court on the Motion to Dismiss of Joan C. LaPrade, hereinafter referred to as respondent. The motion is granted.

A hearing was held in the Juvenile and Domestic Relations District Court of Chesterfield County on November 6, 1990, on the Petition for Support filed by John H. LaPrade, Jr., hereinafter referred to as petitioner. The petition was dismissed by the court on that date. Petitioner appealed the dismissal to the Circuit Court of Chesterfield County but failed to give an appeal bond or pay a writ tax. The Clerk's Office neither required nor requested that petitioner give an appeal bond or pay a writ tax.

On December 17, 1990, a hearing on the appeal was held. At that time, respondent made a Motion to Dismiss for failure to post bond or pay writ tax. This issue was taken under advisement. On February 19, 1991, an order was entered and a letter opinion was forwarded to counsel. A Motion to Modify or Vacate Order was filed by petitioner. This letter opinion and the order of this date are in response to the motion.

No appeal from an order of the juvenile and domestic relations district court shall be allowed unless an appeal bond has been given in cases defined by Va. Code § 16.1-106. Va. Code § 16.1-107. Those cases delineated by § 16.1-106

include "civil cases in which the matter in controversy is of greater value than fifty dollars . . . ."

There can be little dispute that an award of support exceeding $50.00 comes within the purview of § 16.1-106. In the case at hand, the petition for support was dismissed; thus the amount of the award was zero. Although no sum was awarded, the potential award of support exceeded $50.00. The statutory language "matter in controversy" refers to the potential award rather than the actual award. A bond was required, but not filed, effectively depriving this court of jurisdiction to hear the appeal.

This result is consistent with the case of *Sheer v. Isaacs*, 10 Va. App. 338 (1990). That case held that the bond requirements of § 16.1-107 apply to appeals from juvenile and domestic relations district courts. Failure to comply with the statute must result in dismissal of the appeal, as the directives are mandatory.

Respondent also claims that this matter must be dismissed for failure to pay writ tax. Virginia Code Section 16.1-107 states:

> In addition to the foregoing, the party applying for appeal shall, within thirty days from the date of the judgment, pay to the clerk of the court from which the appeal is taken the amount of the writ tax of the court to which the appeal is taken and costs as required by subsection (17) of § 14.1-112.

The mandatory language of § 16.1-107 does not apply to the case at hand.

Virginia Code § 16.1-296 was amended in 1982 to change the manner in which costs, taxes, and fees would be assessed on cases appealed from the juvenile and domestic relations district court. Under the prior law, the writ tax provisions of § 16.1-107 would apply to an appeal from a dismissal of a petition for support.

Section 16.1-296 now controls appeals from a final order of the juvenile and domestic relations district courts. That statute provides in part:

> Costs, taxes, and fees on appealed cases shall be assessed only in those cases in which a trial

> fee could have been assessed in the juvenile and domestic relations court and shall be collected in the circuit court.

Va. Code § 16.1-296.

The 1982 amendment to § 16.1-296 provides that costs, taxes, and fees "shall be assessed only in those cases in which a trial fee could have been assessed in the juvenile and domestic relations courts . . ." *Id.* There are no statutes assessing fees identified as "trial fee."

> In construing legislation, we are aided by the legislature's evident interpretation of its earlier enactments, *Commonwealth v. Dodson*, 176 Va. 281, 311, 11 S.E.2d 120, 134 (1940); we will assume that its amendments to the law are purposeful and not unnecessary or vain, *Williams v. Commonwealth*, 190 Va. 280, 293, 56 S.E.2d 537, 543 (1949); we will presume that the legislature acted with full knowledge of the law as it stood bearing on the subject with which it proposed to deal, *Powers v. County School Board*, 148 Va. 661, 669, 139 S.E. 262, 264 (1927); and we will adopt that construction which gives effect to the legislature purpose, *American Airlines v. Battle*, 181 Va. 1, 8, 23 S.E.2d 796, 800 (1943).

*Cape Henry Towers v. National Gypsum Co.*, 229 Va. 596, 600-601, 331 S.E.2d 476, 479 (1985).

As a matter of statutory interpretation, every legislative enactment should be read to give meaning to all of the words that it contains. *Jones v. Conwell*, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984). In order to give meaning to the term "trial fee" in the 1982 amendment of § 16.1-296, it should be interpreted to mean those fees specified in §§ 14.1-123 and 14.1-125. Those sections provide for the assessment of fees for services performed by judges or clerks of district courts for processing certain criminal and civil cases.

In the case at hand, the lower court could not have assessed fees pursuant to either § 14.1-123 or § 14.1-125. Section 14.1-123 applies to criminal or traffic cases.

Section 14.1-125 applies to specified civil proceedings. Support proceedings are not among the designated actions in that statute. Therefore, a "trial fee" could not be assessed in the case at hand. Likewise, a writ tax could not be assessed.

It is regretful that petitioner received erroneous information from the clerk's office regarding the necessity of a bond. Litigants, especially *pro se* litigants, rely on the clerk's office to aid in meeting the procedural requirements of litigation. However, a misinformed clerk cannot confer jurisdiction to the circuit court. The result in this case may be harsh but is compelled by law.

Petitioner's Motion to Modify or Vacate Order addresses the impropriety of remanding the case to the Juvenile and Domestic Relations District Court of the County of Chesterfield. Petitioner argues that final judgment should be entered without remand pursuant to § 16.1-297. Petitioner's argument is persuasive, and the order reflects this modification.

### Order

This cause came to be heard *de novo* on December 17, 1990, upon the appeal of John H. LaPrade, Jr., to the dismissal of his Petition for Support by the Juvenile and Domestic Relations District Court on November 6, 1990; upon the Motion to Dismiss of Joan C. LaPrade; upon a hearing *ore tenus*; and was argued by counsel.

Appellee's Motion to Dismiss is granted on the ground that appellant failed to post bond on appeal. Accordingly, appellant's appeal is dismissed.

A copy of this order shall be filed with the Juvenile and Domestic Relations District Court of Chesterfield County pursuant to § 16.1-297 of the Code of Virginia, 1950, as amended.