Present:   Carrico, C.J., Compton, Hassell, Keenan, Koontz,
           and Kinser, JJ., and Poff, Senior Justice

WALTER M. ROGERS, JR., ET AL.
                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 980846           February 26, 1999

CHARLES EDWARD LEE ROGERS, ET AL.

          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
               Herman A. Whisenant, Jr., Judge

     In this appeal we consider whether creditors, who

obtained a judgment against a husband and a different judgment

against his wife, may compel the sale of real property owned

by the husband and wife as tenants by the entireties with

right of survivorship to satisfy those judgments.

     Because this case was decided on demurrer, we will state

the facts "in accordance with well-established principles that

a demurrer admits the truth of all material facts that are

properly pleaded, facts which are impliedly alleged, and facts

which may be fairly and justly inferred from alleged facts."

MNC Credit Corp. v. Sickels, 255 Va. 314, 316, 497 S.E.2d 331,

332 (1998) (quoting Cox Cable Hampton Roads v. City of

Norfolk, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)).

     Walter M. Rogers, Jr., Ronald A. Rogers, and their

closely held corporation, Rogers Brothers, Inc., a Virginia

corporation, filed their amended bill of complaint against

Charles Edward Lee Rogers (Mr. Rogers), Eleanor P. Rogers

(Mrs. Rogers), Option One Mortgage Corporation, and Dennis E. Burke, trustee. The complainants alleged the following.

In November 1991, the complainants obtained a judgment against Mr. Rogers entered by a federal bankruptcy court in Virginia in the amount of $145,000. The complainants obtained a separate judgment against Mrs. Rogers in the amount of $200,000 with interest, entered by the Circuit Court of Prince William County in June 1995. The circuit court found that Mrs. Rogers had participated with Mr. Rogers in a scheme to delay, defraud, and hinder the complainants in their attempts to collect their judgment against Mr. Rogers.

Mr. and Mrs. Rogers own real property as tenants by the entireties with the right of survivorship. The real property is located in Prince William County. Dennis Burke "has an interest in the real property as the trustee under a first deed of trust for the benefit of Option One Mortgage Corporation . . . ."

The complainants further alleged: "The purposeful and fraudulent actions of [Mr. and Mrs. Rogers] in attempts to avoid Mr. Roger[s'] payment of the debt owed to the [c]omplainants constitute a joint action by husband and wife which gives rise to the second judgment and establishes the [c]omplainants herein as joint creditors of both husband and wife." The complainants requested that the circuit court,

2

among other things, order the sale of the real property to satisfy their judgments.

The defendants filed demurrers and asserted that the complainants do not have a cause of action against them because real property owned by the husband and wife as tenants by the entireties cannot be sold to satisfy "two separate judgments, obtained on two separate dates, against two separate spouses." The trial court entered a decree sustaining the demurrers, and the complainants appeal.

The complainants argue that they pled a cause of action against the defendants because the joint tortious acts of the husband and wife gave rise to related judgments against each spouse for the same debt and, therefore, the real property could be sold to satisfy the debt. We disagree with the complainants.

We have stated, clearly and without equivocation, that real property held as tenants by the entireties is exempt from the claims of creditors who do not have joint judgments against the husband and wife. Vasilion v. Vasilion, 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951). We discussed this elemental common law principle in Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984):

> "It is settled that tenancies by the entirety are based upon the same four unities that support joint tenancies, that is, the unities of title, estate,

3

time, and possession. However, it is also settled that tenancies by the entirety are supported by a fifth unity which they do not share with any other tenancy: the unity of marriage. That unity embodies the legal fiction that husband and wife are one. And it leads to the result that neither husband nor wife can by his or her sole act defeat the survivorship interest of the other spouse. Neither spouse can by separate act make an absolute disposition of property they hold as tenants by the entirety, nor can a judgment lien creditor of one spouse subject that property to the satisfaction of his lien."

Accord Pitts v. United States of America, 242 Va. 254, 258-59, 408 S.E.2d 901, 903 (1991).

Applying the aforementioned precedent, we hold that the trial court did not err in sustaining the defendants' demurrers. The complainants stated in their amended bill of complaint that they had obtained one judgment against the husband in the federal bankruptcy court for defalcation in a fiduciary capacity and another judgment entered by the circuit court against the wife in a fraudulent conveyance proceeding. These separate judgments do not impose joint liability upon the husband and wife. Thus, the complainants do not have a cause of action to compel the sale of the real property held by the husband and wife as tenants by the entireties with right to survivorship to satisfy the judgments.

The complainants argue that even if they failed to state a cause of action under existing law, this Court should "expand" its decision in Price v. Hawkins, 247 Va. 32, 439

4

S.E.2d 382 (1994), and create a remedy which would permit them to obtain a decree enforcing their judgments against the property.[*] Our decision in Price, however, is simply not applicable here. In Price, we considered "whether the trial court erred by entering in personam judgments against transferees who participated in a fraudulent scheme to delay and hinder a creditor by concealing the debtor's assets." Id. at 33, 439 S.E.2d at 383. Construing Code § 55-80, which confers upon a creditor a statutory right to request that a circuit court set aside certain fraudulent conveyances, we held that an in personam judgment against transferees in the full amount of the fraudulent conveyances at issue in that case was appropriate under the circumstances. 247 Va. at 37-38, 439 S.E.2d at 385-86. Here, however, the complainants have neither a statutory nor a common law right to satisfy

---

[*] We reject the complainants' contention that our decisions in Leonard v. Counts, 221 Va. 582, 272 S.E.2d 190 (1980), and Sundin v. Klein, 221 Va. 232, 269 S.E.2d 787 (1980), cert. denied sub nom., Cross v. Sundin, 452 U.S. 911 (1981), permit them to enforce their judgments against the real property. These decisions have no application here. We did not consider in Leonard or Sundin whether a creditor could satisfy a judgment obtained against one spouse by requiring a sale of real property held as tenants by the entireties with the right of survivorship. In Leonard, we considered whether a chancellor's decree that a husband and wife held title to a parcel of land as constructive trustees was supported by clear and convincing evidence. 221 Va. at 587, 272 S.E.2d at 194. In Sundin, we held that a husband, who had murdered his wife, could not recover her interest in real property that the

5

their separate judgments by compelling a sale of real property held by the husband and wife as tenants by the entireties with the right of survivorship.

Finding no merit in the complainants' contentions, we will affirm the chancellor's decree.

<u>Affirmed</u>.

---

husband and wife had acquired as tenants by the entireties with survivorship.  221 Va. at 239-40, 269 S.E.2d at 791.