# CIRCUIT COURT OF THE CITY OF RICHMOND

Brenda L. Mills

v.

Southland Corporation
and Service Co.

January 6, 2000

Case No. LF-2502-4

BY JUDGE RANDALL G. JOHNSON

This case is before the court on defendant The Service Company of Virginia, Inc.'s plea of the statute of limitations. The plea will be sustained.

The action arises out of an alleged slip and fall on December 6, 1996, on the premises of defendant The Southland Corporation. Suit was filed against Southland on November 24, 1998, twelve days before the statute of limitations would have run. On January 7, 1999, which was more than two years after plaintiff's fall, Southland filed a third-party motion for judgment against Service Company. By leave of court granted January 25, 1999, plaintiff filed an amended motion for judgment adding Service Company as a defendant to plaintiff's claim. Service Company filed a plea of the statute of limitations, but no ruling was ever made on the plea. On October 13, 1999, an order of nonsuit was entered on plaintiff's claim against both defendants. Plaintiff re-filed her action against both defendants on October 28, 1999, and Service Company's present plea of the statute of limitations followed. It is Service Company's position that since plaintiff did not file suit against it until more than two years after her fall, her action against it is barred. The court agrees.

Virginia Code § 8.01-229(I) provides:

> When an action is commenced within a period of thirty days prior to the expiration of the limitation period for commencement thereof and

the defending party or parties desire to institute an action as third-party plaintiff against one or more persons not party to the original action, the running of the period of limitation against *such action* shall be suspended as to such new party for a period of sixty days from the expiration of the applicable limitation period.

Emphasis added.

The question is whether the "such action" emphasized in the above quote refers to plaintiff's "action [which] is commenced" in the first line of the quote, or to the "action as third-party plaintiff" that a defending party or parties desire to file. If it refers to plaintiff's action, plaintiff's claim against Service Company is timely. If it refers to third-party actions, it is time-barred. The court holds that it refers to third-party actions.

"When interpreting a statute, the courts have a duty to give full force and effect to every word thereof." *Foote v. Commonwealth*, 11 Va. App. 61, 65, 396 S.E.2d 851 (1990) (*citing Jones v. Conwell*, 227 Va. 176, 181, 314 S.E.2d 61 (1984); *Norwood v. City of Richmond*, 203 Va. 886, 891, 128 S.E.2d 425 (1962); *Tilton v. Commonwealth*, 196 Va. 774, 784, 85 S.E.2d 368 (1955); *Fairfax County v. City of Alexandria*, 193 Va. 82, 92, 68 S.E.2d 101 (1951)). Of particular note in the statute under consideration here is the phrase "and the defending party or parties *desire* to institute an action as third-party plaintiff ...." Emphasis added. If "such action" refers to plaintiff's original action, is the statue of limitations for plaintiff's action suspended when the original defendant writes a letter or states in court that he or she "desires" to file a third-party action even though no third-party action is actually filed? Under plaintiff's argument it would be. Such an interpretation makes no sense.

The court is convinced that "such action" refers only to third-party actions. Thus, if a defendant to an action that was filed within thirty days of the expiration of the statute of limitations "desires" to file a third-party action that would otherwise be barred by the statute of limitations, he or she can still file the action because the period of limitations *against such action* is suspended for sixty days; and it is suspended *against such action* whether or not *such action* is actually filed. This is only fair since the filing of a motion for judgment by a plaintiff at or near the expiration of the statute of limitations — something over which the defendant has no control — would otherwise deprive the defendant of the opportunity to file a third-party claim. There is no reason, however, to extend such opportunity to the plaintiff, since it is the plaintiff who controls when the motion for judgment is filed. If filing the motion for judgment at or near the expiration of the statute of limitations

subsequently deprives the plaintiff of the ability to add a defendant because the statute of limitations has by that time run, plaintiff has no one to blame but himself, herself, or itself.