**In re Janice J. BENNER, Debtor.**

**Bankruptcy No. 5–00–00285–7.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Sept. 6, 2000.

Dale A. Davenport, Harrisonburg, VA, for Chapter 7 Trustee.

Marilyn A. Solomon, Winchester, VA, for Debtor.

Frederick S. Vondy, Winchester, VA, for Shirley Campbell, Executrix, and Roger A. Benner.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the court for decision is the disposition of sales proceeds for a piece of real estate owned by Janice J. Benner (herein the Debtor) and Donald Benner as joint tenants with rights of survivorship. Donald Benner died subsequent to the filing of the Debtor's Chapter 7 proceeding and the parties competing for his share of the real property proceeds include the Chapter 7 trustee, Donald Benner's estate, and the Debtor. For the reasons stated in this decision and order, the court holds that the Chapter 7 trustee is entitled to all of the proceeds of sale of the real property owned by the Debtor and Donald Benner as joint tenants with rights of survivorship as of the date of the Debtor's filing of her petition for relief. The statutory basis for this decision is the definition of property of the estate found in 11 U.S.C. § 541(a)(1) [1] and Virginia law which defines joint tenancy as set forth in *Jones v. Conwell,* 227 Va. 176, 314 S.E.2d 61 (1984). *See, infra.*

### *Facts:*

On February 25, 2000, the Debtor filed a Chapter 7 proceeding in the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division. In her schedules and statement of affairs, the Debtor identified an interest which she owned in a mobile home located on real estate which she owned with Donald Benner (hereinafter Benner). The Debtor claimed the real property scheduled as exempt because the deed conveying the property to her and Benner, dated September 2, 1994, conveyed the property to them as tenants by the entirety in fee simple with survivorship as at common law.

---

**1.** § 541. Property of the estate. (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

As it turns out, the Debtor and Benner lived together for over 18 years, had a child, and filed joint tax returns as if they were married. However, they never formalized their living arrangement under the laws of the State of Virginia and Virginia does not recognize common law marriage. The trustee determined that the property could not be exempted as tenants by the entirety under 11 U.S.C. § 522. In addition, based upon the Debtor's schedules, the only joint debt between the Debtor and Benner was the mortgage indebtedness on the real estate.

Donald Benner died in May 2000, without having taken any steps to dispose of his interest in the real property.[2] Prior to Benner's death, the trustee in bankruptcy moved to sell the real property and to retain the Debtor's share of the sales proceeds for administration as part of her bankruptcy estate. When Benner died, the trustee took the position that Benner's share of the property was also subject to administration in the Debtor's estate. By agreement of all of the parties contending for Benner's interest in the jointly-owned property, the real property was sold free and clear of lien and the proceeds remaining after payment of the mortgage indebtedness and closing costs were escrowed by the trustee pending a determination as to Benner's interest.

### Positions of the Parties and Discussion:

■■■ Benner's estate, through its executrix, Shirley Campbell, takes the position that the Debtor and Benner owned the property as joint tenants with rights of survivorship and that the Debtor's filing of her Chapter 7 petition terminated the joint tenancy with right of survivorship and con-

verted it to a tenancy in common thereby entitling Benner's estate to a share in the proceeds of the sale of the real property to the exclusion of the Chapter 7 debtor and the Chapter 7 trustee. Benner's estate relies on *Gant v. Gant*, 237 Va. 588, 591–592, 379 S.E.2d, 331, 332–333 (1989), for the proposition that a deed that purports to create a tenancy by the entirety between unmarried individuals creates a joint tenancy with rights of survivorship.[3]

■■■ The Benner Estate argues that the Debtor's filing of her Chapter 7 proceeding created an estate under 11 U.S.C. § 541(a)(1) and submits that the Chapter 7 Debtor's interest in the joint tenancy property was succeeded to by the Chapter 7 trustee as of the commencement of the case by operation of law. The estate argues that the filing of the Debtor's Chapter 7 petition constituted a conveyance which converted the Chapter 7 Debtor's interest and Benner's interest into a tenancy in common as if the joint tenancy was severed by a sale of either of the joint tenants of their joint interest in the property. *Jones v. Conwell*, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984), is cited for the proposition that a joint tenant can sell his interest in the joint tenancy and create a tenancy in common between his grantee and the remaining joint tenant. The Estate's argument fails because there is no authority for the proposition that the filing of a Chapter 7 bankruptcy petition constitutes a conveyance of title to the Chapter 7 trustee which would sever the joint tenancy. Congress eliminated the provisions of the old Bankruptcy Act which vested "title" in the Chapter 7 trustee by operation of law. Thus, the concept of "title" in the Chapter 7 trustee as a basis for determining what property the trustee will administer in a Chapter 7 proceeding ended with

---

2. Benner and the Debtor were separated and not living together at the time of his death.

3. "Tenancies by the entirety are based upon five unities: those of title, estate, time, possession, and persons. The unity of persons relates to marriage and embodies the common-law fiction that husband and wife are one. A

tenancy which lacks the fifth unity but is based upon the other four is a joint tenancy, for which the first four unities are also prerequisite." All of the contending parties agree that Benner and the Debtor owned the property as joint tenants with rights of survivorship.

the enactment of the Bankruptcy Reform Act of 1978. 11 U.S.C. § 541(a) is clear that the filing of a Chapter 7 proceeding "creates an estate." What Congress intended in enacting 11 U.S.C. § 541(a) is to capture, as of the date of the filing of the petition "all legal or equitable interests of the debtor in property."

In *Jones v. Conwell*, 227 Va. 176, 314 S.E.2d 61 (1984), the court defines a joint tenancy as:

> A joint tenant with the right of survivorship has the power to dispose completely of his interest in the joint tenancy during his lifetime or to force partition, without the consent of the other joint tenant .... During the continuance of a joint tenancy, each joint tenant has a liability to have his fractional interest taken for the satisfaction if his debts... (*Id.* at 183, 314 S.E.2d 61) Joint tenancies with the right of survivorship are not elevated to the status reserved exclusively for tenancies by the entirety which are immune from the creditors of a single cotenant and cannot be partitioned. Joint tenancies with right of survivorship are dramatically different. Joint tenants, while the jointure endures, own by entireties together, and nothing separately, but with power of transferring inter vivos in equal shares. The only limitation on the alienability of an interest in a joint tenancy with the right of survivorship is that it cannot be devised. **This is so because the survivors already own all the property, but at the death of a joint tenant they merely have one less person with whom to share that ownership.**

*Id.* at 181–182, 314 S.E.2d 61.

 The last sentence of the quote above is critical for determining the competing interests for Benner's share of the joint tenancy. Based on *Jones*, when the Debtor filed her Chapter 7 petition, she already owned all of the property and needed to merely await the death of her joint tenant in order to have one less person to share in the ownership. When Benner died post petition, the Debtor was the only person left. However, her interest was property of the estate as of the date of the filing of her Chapter 7 proceeding and the trustee in bankruptcy was authorized by the Bankruptcy Code to liquidate the property she owned as of the date of the filing of the petition for relief unless she properly carved out an exemption provided by the Bankruptcy Code. *See,* 11 U.S.C. § 522(b).[4]

The Debtor's reliance on *Birney v. Smith,* 200 F.3d 225 (1999), is misplaced. In *Birney,* a lien creditor tried to assert lien status on a piece of real property because a non-debtor spouse died post petition thereby dissolving the tenants by entireties title between the debtor and his deceased non-filing spouse. *Birney* at page 228. The Fourth Circuit did not find any statutory basis in 11 U.S.C. § 541 which "captures the post petition property." *Id.* Technically, in *Birney,* the tenants by the entireties property was property of the estate as of the date of filing. However, *Birney* claimed it exempt under 11 U.S.C. § 522(*l*).[5] Once the exemption was claimed and there was no timely objection, the property was "carved out" of the estate. The non-debtor spouses' death, post petition, did not trigger a recapture of the property under 11 U.S.C. § 541. *Id.* at 229. However, *Birney* is important for the case at bar because it

---

4. Under 11 U.S.C. § 522(b)(2)(B), a Chapter 7 debtor could claim a homestead exemption under Virginia law in a portion of the value of the real property owned as joint tenants with right of survivorship. Code of Virginia, § 34-4.

5. 11 U.S.C. § 522. Exemptions. (1) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

sets forth the law which is equally applicable in this case: "a tenant by the entireties, however, does not 'inherit' his co-tenant's interest in the property. (cite omitted). Rather, he continues full ownership of the property alone." *Id.*

In this case, the Debtor owned all of the property under Virginia law and she shared it with her non-debtor spouse. This is the interest that became property of the estate under 11 U.S.C. § 541 and this is what the trustee had to liquidate. When the non-debtor died post petition, the trustee had no one else to share the property with and, therefore, he takes it all.

The treatment of the Chapter 7 Debtor's interest in the joint tenancy with rights of survivorship in the case at bar is consistent with the treatment of tenants by the entireties property as originally articulated in *In Re Ford,* 3 B.R. 559, 570 (Bankr. D.Md.1980). *Aff'd, Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). In *Ford,* the bankruptcy court stated:

> The trustee contends that the filing of the petition acts as an immediate severance of the estate by the entireties since the debtor's interest passes immediately to the trustee thereby severing the time honored unities of time, title, identity of interest, and possession, necessary to preserve the estate by the entireties. The court disagrees. The legislative history consistently takes the position, ultimately enacted in § 541(a)(1), that it is the debtor's undivided interest in tenants by the entireties property which becomes property of the estate. There is no severance of the unities when the debtor's interest passes to the estate. The trustee merely obtains and retains custody of the debtor's undivided interest consisting of the same unities, intact and unaltered, as they existed immediately prior to the filing of the petition, until such time as that interest, still

intact and unaltered, is exempted from the estate under § 522(b)(2)(B) . . .

### *Conclusion:*

The filing of Debtor's bankruptcy petition created an estate under 11 U.S.C. § 541(a) which included the property Debtor owned jointly with Donald Benner. The trustee has the responsibility to liquidate that property interest for the benefit of creditors. 11 U.S.C. § 704(1).[6] When Donald Benner died post petition, the Chapter 7 estate had one less person to share the property with under Virginia law.

To the extent the Chapter 7 Debtor claimed an exemption of the real estate under Virginia law by the filing of a homestead deed, she is entitled to carve out the value claimed as exempt and use it for her fresh start. The balance of the sales proceeds of the real estate will be administered by the Chapter 7 trustee. Accordingly, it is

### ORDERED:

That the Chapter 7 trustee shall set aside to the Chapter 7 Debtor any proceeds of real estate which she properly claimed as exempt under applicable Virginia law and the balance of the sales proceeds shall be administered by the Chapter 7 trustee as part of the Chapter 7 estate created under 11 U.S.C. § 541(a) when the Debtor filed her Chapter 7 petition.

---

**6.** 11 U.S.C. § 704(1). Duties of trustee. The trustee shall—(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.