**In re Peter A. BUNKER; In re Michelina P. Bonanno, Debtors.**

**Peter A. BUNKER; Michelina P. Bonanno, Plaintiffs–Appellees,**

**v.**

**Gordon P. PEYTON, Trustee, Defendant–Appellant.**

**In re Joseph Michael Thomas; In re Myrtle Anne Thomas, Debtors.**

---

Joseph Michael Thomas;  Myrtle Anne
Thomas, Plaintiffs–Appellees,

v.

Gordon P. Peyton, Trustee,
Defendant–Appellant.

Nos. 01–2071, 01–2074.

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 2002.

Decided Nov. 21, 2002.

**ARGUED:** H. Bradley Evans, Jr., Redmon, Peyton & Braswell, L.L.P., Alexandria, Virginia, for Appellant. Robert Ross Weed, Robert Weed Law Offices, Alexandria, Virginia, for Appellees. **ON BRIEF:** Klinette H. Kindred, Robert Weed Law Offices, Alexandria, Virginia, for Appellees.

Before MICHAEL and MOTZ, Circuit Judges, and STAPLETON, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

Affirmed by published opinion. Judge MICHAEL wrote the opinion, in which Judge DIANA GRIBBON MOTZ and Senior Judge STAPLETON joined.

## OPINION

MICHAEL, Circuit Judge.

Today we take up one aspect of the bedeviling issue in bankruptcy law of how to deal with property held by debtors as tenants by the entirety. We hold that when a husband and wife in Virginia file a joint Chapter 7 bankruptcy petition, and they have—apart from their mortgage lender—only individual creditors, the two spouses may exempt a home they own as tenants by the entirety to the extent of their equity. *See* 11 U.S.C. § 522(b)(2)(B). The spouses may take the exemption not-

withstanding the joint administration or substantive consolidation of their individual bankruptcy estates.

## I.

We have before us consolidated appeals that arise from two bankruptcy cases. In the first case Peter A. Bunker and Michelina P. Bonanno, who are husband and wife, filed a joint, voluntary petition under Chapter 7 of the Bankruptcy Code in the Eastern District of Virginia. The Bunker–Bonannos list fifteen unsecured creditors with claims totaling $48,896. Each claim is listed against either the husband or the wife; none is identified as a joint claim against both. In Schedule A (Real Property) the Bunker–Bonannos list as an asset their home in Falls Church, Virginia, noting that they own it as tenants by the entirety. According to the schedule, the home has a current market value of $215,300 and is subject to mortgage liens, representing the only joint debt, totaling $134,212. When the Bunker–Bonannos filed their joint petition, only Mr. Bunker claimed the home as exempt on Schedule C, valuing the exemption at roughly the equity, $75,000. He asserted the exemption under § 522(b)(2)(B) of the Bankruptcy Code, which governs a debtor's exemption of property held as a tenant by the entirety. The bankruptcy trustee filed an objection to Mr. Bunker's claim of exemption.

In the second case Joseph M. Thomas and Myrtle A. Thomas, also husband and wife, voluntarily filed a joint Chapter 7 petition in the Eastern District of Virginia. Except for their mortgage debt, the Thomases had no joint debts at the time of filing. Together, the Thomases list twenty-one unsecured creditors with claims totaling $80,296. Each unsecured creditor is owed by only one of the debtor spouses, either Mr. Thomas or Mrs. Thomas. The Thomases list as an asset the home they own in Reston, Virginia, as tenants by the entirety. According to the schedules, the home has a current market value of $227,000 and is subject to a mortgage lien of $7,600. Because the home is held as entireties property, each Thomas spouse claimed it as exempt (valuing the exemption at $219,400) under § 522(b)(2)(B). The trustee objected to the claims of exemption.

The filing of a joint bankruptcy petition by a husband and wife does not consolidate the separate bankruptcy estates of the two spouses. In the Thomas case the estates of the two spouses were substantively consolidated by order of the bankruptcy court. Consolidation has not been ordered in the Bunker–Bonanno case. There, the estates of the two spouses are being jointly administered pursuant to local rule. *See* E.D. Va. Loc. Bankr.R. 1015–1. The two cases, the Bunker–Bonanno case and the Thomas case, are assigned to the same bankruptcy judge, and Gordon P. Peyton serves as trustee in both. The bankruptcy court used one proceeding to consider the central issue in both cases, whether to allow the exemption for the home owned by the debtors as tenants by the entirety.

The trustee sought to block the exemptions so that he could administer the entireties properties to benefit the individual creditors, who are unsecured. In each case the trustee would sell the home, pay off the mortgage debt, and use the balance to satisfy the claims of the individual creditors. The bankruptcy court, in sustaining the trustee's objections to the claims of exemption in both cases, issued a single opinion, *In re Thomas,* 261 B.R. 848 (Bankr.E.D.Va.2001). The court held that while the § 522(b)(2)(B) exemption shields property held in a tenancy by the entirety from the claims of individual creditors when only one spouse files for bankruptcy,

it is not available when spouses file jointly. When spouses file jointly, the court said, the trustee "possess[es] in the two estates the entire ownership of the property and may, just as the spouses could before bankruptcy, unite the two interests in the execution of a single deed and thereby convey the property to a third party." *Thomas*, 261 B.R. at 854–55 (Bankr. E.D.Va.2001). In the Thomas case the bankruptcy court held in the alternative that the substantive consolidation of the spouses' estates allows the trustee to administer the entireties property for the benefit of all creditors, joint and individual. *Id.* at 862. The bankruptcy court disallowed the claim of exemption for the entireties property (the home) in both cases.

The Bunker–Bonannos and the Thomases appealed the bankruptcy court's decision to the district court. In the meantime, after the bankruptcy court had rendered its decision, the Bunker–Bonannos amended their Schedule C to reflect Ms. Bonanno's claim of the entireties exemption with respect to the home. *See* Fed. R. Bankr.P. 1009(a) (providing that a schedule "may be amended by the debtor as a matter of course at any time before the case is closed"). In reviewing the bankruptcy court's decision, the district court assumed that the bankruptcy court would have also denied the exemption to Ms. Bonanno. *Thomas v. Peyton*, 274 B.R. 450, 452 n. 1 (E.D.Va.2001). The district court reversed, concluding that the debtors should have been allowed to claim their homes as exempt entireties property under § 522(b)(2)(B). The district court emphasized that "the statutory exemption applies to any pre-bankruptcy entireties property interest held by the debtor to the extent that the interest 'is exempt from process under applicable nonbankruptcy law.'" *Id.* at 455 (quoting 11 U.S.C. § 522(b)(2)(B)). Section

522(b)(2)(B) pointed the court to Virginia's "strong common law rule protecting entireties property from the claims of individual creditors." *Id.* In allowing the exemption for each of the four debtor spouses, the district court held that the trustee could not administer the entireties property in either case for the benefit of individual creditors.

■ The trustee has appealed the district court's order reversing the bankruptcy court and allowing the exemptions. An order allowing or disallowing a bankruptcy exemption is a final, appealable order. *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir.1985). We apply the same standard of review that the district court applied to the bankruptcy court's decision. Because only legal conclusions are challenged, the review is de novo. *In re Southeast Hotel Props. Ltd. P'ship*, 99 F.3d 151, 154 (4th Cir.1996).

## II.

Before analyzing the specific exemption question presented in this case, we review some basic principles about the creation of a bankruptcy estate, the Bankruptcy Code's exemption scheme, and the nature of the tenancy by the entirety in Virginia.

■ The filing of a Chapter 7 petition creates a bankruptcy estate to be administered by the bankruptcy trustee. 11 U.S.C. § 541(a). The "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* Thus, a debtor's interest in entireties property becomes part of the bankruptcy estate. *See Sumy*, 777 F.2d at 924; *Greenblatt v. Ford*, 638 F.2d 14 (4th Cir.1981), *aff'g In re Ford*, 3 B.R. 559 (Bankr.D.Md.1980). Parenthetically, we note that when spouses file a joint Chapter 7 petition, separate bankruptcy estates are created. After an es-

tate is created, the debtor may exempt eligible property. 11 U.S.C. § 522(b). Exempted property is not available to satisfy the debtor's obligations. *Id.* § 522(c).

The Bankruptcy Code provides two alternative schemes of exemption. Under § 522(b)(1) a debtor may elect the specific federal exemptions listed in § 522(d). Or, under § 522(b)(2) a debtor may choose the exemptions permitted under (i) state law, (ii) general (nonbankruptcy) federal law, and (iii) § 522(b)(2)(B), covering interests held as a tenant by the entirety or as a joint tenant. Section 522(b)(1) allows a debtor to choose the first alternative (the federal list) unless applicable state law restricts the debtor to the exemptions that are available under § 522(b)(2), the second alternative. Virginia, like most states, has opted out of the federal exemption scheme, restricting its debtor citizens to the second alternative. *See* Va.Code Ann. § 34–3.1 (Michie 1996). A debtor in Virginia thus has available the Commonwealth's list of exemptions, federal nonbankruptcy exemptions, and § 522(b)(2)(B)'s entireties and joint tenancy exemption. Under § 522(b)(2)(B) a debtor may exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B). The Thomases and the Bunker–Bonannos claim the entireties exemption under this provision, and the trustee objects. The ultimate question, which we consider in part III, is whether the debtors' interests in their entireties property is "exempt from process under applicable nonbankruptcy law."

Virginia law on tenancies by the entirety is the "applicable nonbank-ruptcy law" that we look to in this case. The Commonwealth of Virginia is one of about two dozen states that continue to recognize the tenancy by the entirety. *See* Robert D. Null, *Tenancy by the Entirety as an Asset Shield: An Unjustified Safe Haven for Delinquent Child Support Obligations,* 29 Val. U.L.Rev. 1057, 1085–86 & nn. 207–08 (listing states). The modern tenancy by the entirety is based on the same four unities that support a joint tenancy: the unities of title, estate, time, and possession. However, the tenancy by the entirety is supported by a fifth unity that is not shared with a joint tenancy: the unity of marriage. *Jones v. Conwell,* 227 Va. 176, 314 S.E.2d 61, 64 (1984). Each spouse possesses the right of survivorship: "Upon the death of either spouse the whole of the estate by the entireties remains in the survivor." *Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599, 602 (1951). The tenancy by the entirety may be severed only by mutual consent of the spouses or by divorce. Although husband and wife acting together may alienate or encumber the entireties property, "neither spouse can convey [or encumber] any part of the property by his or her sole act." *Hausman v. Hausman,* 233 Va. 1, 353 S.E.2d 710, 711 (1987). Thus, "real property held as tenants by the entireties is exempt from the claims of creditors who do not have joint judgments against the husband and wife." *Rogers v. Rogers,* 257 Va. 323, 512 S.E.2d 821, 822 (1999). *See also Reid v. Richardson,* 304 F.2d 351, 353 (4th Cir.1962) ("[U]nder Virginia law property held by the entireties is not subject in any manner to individual claims of creditors of one spouse, and ... neither the land itself nor any interest therein may be reached in satisfaction ... against only one of them."); *In re Cordova,* 177 B.R. 527, 529 n. 1 (E.D.Va.1995) ("In Virginia, property held as tenants by the entireties

is completely immune from the claims of creditors against either spouse alone, but not from the claims of joint creditors of both spouses.") (citing *Vasilion*, 66 S.E.2d at 599).

### III.

We turn to whether the debtor spouses are entitled to claim the entireties exemption under § 522(b)(2)(B). Again, that section allows a debtor to exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B).

■■■■ The trustee's principal argument is that when both debtor spouses are before the court in a joint case, neither is allowed to take the entireties exemption. According to the trustee, his simultaneous control over the spouses' separate bankruptcy estates allows him to take the entireties property and defeat the exemption. He adopts wholesale the holding of the bankruptcy court: "The trustee ... possess[es] in the two estates [in each case] the entire ownership of the [entireties] property and may, just as the spouses could before bankruptcy, unite the two interests in the execution of a single deed and thereby convey the property to a third party." *Thomas*, 261 B.R. at 855. This contention ignores the design of the Bankruptcy Code, and, if adopted, would render the entireties exemption meaningless when husbands and wives file joint petitions. The trustee's argument that he has the power to join the two interests in each of the entireties properties and dispose of them depends on two sections of the Bankruptcy Code: § 541, which operates to place the entireties interest of each debtor

spouse into his or her bankruptcy estate; and § 363(b)(1), which allows the trustee, with court approval, to "use, sell, or lease" property brought into the estate by § 541. The argument, however, overlooks ´§ 522(b), which states that "an individual debtor may exempt [qualifying property] from property of the estate," "[n]otwithstanding section 541." When a debtor takes an allowable exemption, the exempt property passes out of the estate created by § 541, and this property becomes unavailable to the trustee. *See* 11 U.S.C. § 522(c). Thus, a trustee's general power under § 363 to dispose of estate property cannot defeat a debtor's right to claim a proper exemption under § 522. *See Sumy*, 777 F.2d at 923–24 ("For property that becomes part of the estate under § 541 and that is not exempted under § 522(b), the trustee has the general power [granted by § 363]."); *see also In re Paeplow*, 972 F.2d 730, 733 (7th Cir.1992). When a husband and wife file a joint Chapter 7 petition, the trustee's § 363 power is still subject to each spouse's right to exempt property under § 522. A trustee therefore cannot unite the entireties interests of spouses in a joint case and dispose of the property if the spouses assert valid claims of exemption under § 522(b)(2)(B).

■■■■ This brings us to whether the debtor spouses in these cases are entitled to the § 522(b)(2)(B) exemption. Each spouse may exempt his or her interest in the entireties property "to the extent that such interest as a tenant by the entirety is exempt from process under applicable nonbankruptcy law," that is, the law of Virginia. *See* 11 U.S.C. § 522(b)(2)(B). The central question is the extent to which Virginia law protects the entireties properties here from the claims of the listed creditors. As we have already observed, under Virginia law an individual creditor of either spouse cannot reach property held

in a tenancy by the entirety. Insofar as individual creditors are concerned, entireties property is, in the words of § 522(b)(2)(B), "exempt from process" under Virginia law. *See Vasilion,* 66 S.E.2d at 602. Thus, the presence of individual claims against either or both of the spouses in a joint case does not prevent the debtor spouses from exempting their interests in entireties property under § 522(b)(2)(B). *Cf. Cordova v. Mayer,* 73 F.3d 38, 40 (4th Cir.1996) ("[W]hen [the debtor] claimed her § 522[ (b)(2)(B)] exemption, her entireties interest in the marital home was exempt from the bankruptcy estate to the extent it was immune [under Virginia law] from the claims of her individual creditors.").

■■■ We turn to the specific question of whether the debtor spouses in the Bunker–Bonanno case may exempt their home, which they hold as tenants by the entirety. The Bunker–Bonannos have filed a joint case, but as we have indicated, that does not affect their right to claim the entireties exemption. Because Mr. Bunker and Ms. Bonanno filed a joint case, their separate bankruptcy estates are subject to joint administration by local rule. *See* E.D. Va. Loc. Bankr.R. 1015–1. We must consider whether this affects their exemption claims. Under joint administration the estate of each debtor remains separate and distinct. *In re Reider,* 31 F.3d 1102, 1109 (11th Cir.1994). Joint administration does not affect the substantive rights of either the debtor or his or her creditors. William L. Norton, Jr., 1 Norton Bankr.L. & Prac.2d § 20:1 (2002). Thus, the joint administration of Mr. Bunker's and Ms. Bonanno's estates does not affect their claims to the entireties exemption.

The Bunker–Bonanno case boils down to a simple proposition: none of the unsecured creditors is a joint creditor of the husband and wife; each of these creditors is an individual creditor with a claim against either the husband or the wife. The governing exemption provision, § 522(b)(2)(B), points us to Virginia law, which shields entireties property from the claims of the individual creditors of either spouse. Mr. Bunker and Ms. Bonanno may therefore exempt their entireties property (their home) under § 522(b)(2)(B) to the extent of their equity.

■■■ The trustee expands his argument when it comes to the Thomases. The separate bankruptcy estates of Mr. and Mrs. Thomas have been substantively consolidated. *See* 11 U.S.C. § 302(b). This, the trustee argues, has converted their individual unsecured creditors into joint creditors, thereby exposing their entireties property under Virginia law. Focusing on the Bankruptcy Code, the trustee says that the entireties property is no longer "exempt from process under applicable nonbankruptcy law," *see* 11 U.S.C. § 522(b)(2)(B), and must remain in the bankruptcy estate.

After finding that the Thomases "treated themselves as a single financial entity" with "substantial, almost total, commingling of assets and liabilities," the bankruptcy court ordered the substantive consolidation of their two bankruptcy estates. *Thomas,* 261 B.R. at 865. (The court found, however, that "[t]here is nothing improper with the manner in which the [Thomases] maintained their accounts and personal finances." *Id.* at 865.) The Thomases do not appeal the order of consolidation. "In general, substantive consolidation results in the combination of the assets of both debtors into a single pool from which the claims of creditors of both debtors are satisfied ratably." 2 Collier on Bankruptcy ¶ 105.09[3] (Lawrence P. King ed., 15th ed. rev.1999). At least one court has said that in substantive consolidation "all creditors, regardless of the nature of

their claim, would become joint creditors." *In the Matter of Steury,* 94 B.R. 553, 556 (Bankr.N.D.Ind.1988).

The plain words of § 522(b)(2)(B) ultimately defeat the trustee's argument that substantive consolidation blocks the Thomases' entireties exemption. A debtor's interest in entireties property may be exempted "to the extent that such interest . . . is exempt from process under applicable *nonbankruptcy law.*" 11 U.S.C. § 522(b)(2)(b) (emphasis added). Substantive consolidation, to the extent it might turn individual creditors into joint creditors, is a creature of *bankruptcy law.* Because § 522(b)(2)(B) directs us to "applicable nonbankruptcy law," we must determine how Virginia law treats a creditor's claim against entireties property at the moment before the debtor files his or her petition for bankruptcy. *Cf. In re Ford,* 3 B.R. at 571 ("Under [§ 522(b)(2)(B)] the moment of significance is the instant immediately before the commencement of the case . . . ."), *aff'd by Greenblatt v. Ford,* 638 F.2d at 15.

We are thus back to the main question, that is, whether Virginia law would allow individual creditors to reach the Thomases' entireties property. The bankruptcy court determined that because the Thomases' finances were so intermingled, their separate bankruptcy estates would be substantively consolidated. The bankruptcy court held that substantive consolidation, which was ordered under bankruptcy law, made the entireties property available to satisfy the claims of the Thomases' individual creditors. But the bankruptcy court did not hold—and the trustee does not argue—that the Thomases' individual creditors can be considered joint creditors *under Virginia law.* The bankruptcy court and the trustee recognize, we expect, that such a proposition cannot be advanced, for under Virginia law the routine intermingling of finances by spouses would not allow the individual creditors of either spouse to reach entireties property. The Virginia rule that entireties property is immune from the claims of individual creditors is "clear[ ] and without equivocation." *Rogers,* 512 S.E.2d at 822. *Rogers* illustrates just how jealously Virginia protects entireties property from the claims of individual creditors. In that case certain creditors filed an action in Virginia state court to compel the sale of entireties property to satisfy separate judgments against a husband and wife. The creditors had obtained a judgment against the husband in a bankruptcy proceeding. In a later case in Virginia state court, the same creditors obtained a separate judgment against the wife, based on a finding by the court that the wife had participated with the husband in a scheme to delay, defraud, and hinder the creditors in their attempts to collect the judgment against the husband. The creditors then filed the action to force the sale of the spouses' entireties property to satisfy the individual judgment against each spouse. The creditors alleged that the joint tortious acts of the husband and wife to avoid payment of the original debt gave rise to the related judgments against each spouse, thereby converting the creditors into joint creditors. The trial court dismissed the case, holding that the creditors failed to state a cause of action because the entireties property was immune from the individual judgments against the husband and wife. The Supreme Court of Virginia affirmed. Even though the husband and wife had jointly schemed to hinder the creditors, the court held that the "separate judgments do not impose joint liability upon the husband and wife. Thus, the [creditors] do not have a cause of action to compel the sale of real property held by the husband and wife as tenants by the entireties . . . to satisfy the [individ-

ual] judgments." *Rogers*, 512 S.E.2d at 822.

If the circumstances in *Rogers* did not result in the imposition of joint liability on the husband and wife, then the Thomases' innocent practice of commingling their finances would not convert their individual creditors into joint creditors under Virginia entireties law. In short, an individual creditor of one of the Thomases could not reach their entireties property under Virginia law. The property, in other words, is "exempt from process under applicable nonbankruptcy law," and the Thomases may claim the entireties exemption with respect to their home to the extent of the equity.

### IV.

The district court was correct in holding that each of the four debtors, Mr. Bunker and Ms. Bonanno and Mr. and Mrs. Thomas, should have been permitted to exempt their homes, which they held as tenants by the entirety, from their bankruptcy estates. The order of the district court is affirmed.

*AFFIRMED.*